## Brommer, Appellant, v. Philadelphia & Reading Railway Company.

*Negligence—Railroads—Master and servant—Train dispatcher—Vice principal.*

A train dispatcher within the limits of his employment is a vice principal of the railroad company which employs him.

*Negligence—Railroads—Train dispatcher—Custom.*

In an action against a railroad company by a brakeman to recover damages for personal injuries sustained in a collision, the case is for the jury where the evidence shows that the train dispatcher directed an engineer to

run on a certain track carefully, and stated to him that there were fifteen cars at a street named, and the engineer runs carefully and collides with cars twelve or thirteen hundred feet nearer than the point named, causing the injury for which the suit was brought.

*Negligence—Railroads—Appliances—Sill of a tender.*

A sill of a tender of a locomotive is the place where the coupling is attached for pulling the train, and it is required to have strength to resist the tension of that operation, but there is nothing in its purpose or use to require that it shall be strong enough to resist the force of a collision. In a collision case it would be error for the court to permit the jury to guess that if the sill had been stronger, the injury to the plaintiff would have been less, or would not have happened at all.

Argued Jan. 9, 1902. Appeal, No. 189, Jan. T., 1902, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1900, No. 637, refusing to take off nonsuit in case of William H. Brommer v. Philadelphia & Reading Railway Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WILLSON, J.

At the trial it appeared that on August 17, 1900, plaintiff, a brakeman who was in the employ of the defendant, was injured in a collision while riding on the tender of a locomotive. The engineer of the locomotive testified that his orders from the train dispatcher were as follows:

" My orders were to run the south-bound track carefully; that there were fifteen cars on the south bound at Front street, and that an engine was coming from Richmond to move them to Richmond; that I should follow those cars down carefully, and after they were shifted the engine would go in the house."

It appeared that the cars were not at Front street but at Second street which was 1,200 or 1,300 feet nearer. The engine was run carefully, but in the darkness collided with the cars at Second street, and plaintiff was injured.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Richard P. White*, with him *Andrew C. Wylie*, for appellant. —The train dispatcher was a vice principal: Lewis v. Seifert,

116 Pa. 628; Goodman v. Del. & Hudson Canal Co., 167 Pa. 332.

The negligence of fellow servants is no defense where the negligence of the master in any degree contributed to the result: Paulmier v. Erie R. R. Co., 34 N. J. 151; Hunn v. Michgan Central R. R. Co., 78 Mich. 513 (44 N. W. Repr. 502).

The duty of inspection and of proper repairs was on the master. This could not be delegated: Penna., etc., Canal & R. R. Co. v. Mason, 109 Pa. 296 ; Ross v. Walker, 139 Pa. 42; Devlin v. Phœnix Iron Co., 182 Pa. 109; Phila. & R. R. Co. v. Huber, 128 Pa. 63.

*Gavin W. Hart,* for appellee.

Opinion by Mr. Justice Mitchell, May 4, 1903 :

It is conceded that under the decisions the train dispatcher within the limits of his employment was a vice principal: Lewis v. Seifert, 116 Pa. 628.

The negligence charged in the plaintiff's statement, includes among other things, erroneous information and a misleading direction by the yard master which were averred as at least in part the cause of the accident. The direction complained of was as stated by the engineer: "My orders were to run the southbound track carefully; that there were fifteen cars on the southbound at Front street, and that an engine was coming from Richmond to move them to Richmond; that I should follow those cars down carefully, and after they were shifted the engine would go in the house." The engine and tender were accordingly run, carefully as alleged, but met the standing cars at Second street instead of Front as expected, with the result of a collision in which the plaintiff was injured. The character of these orders on the question of negligence was for the jury. It may be that in railroading where distances are so entirely a matter of time and speed, a direction to run carefully and be on the lookout for an obstruction at a point named is sufficiently accurate and specific though the obstruction be met in fact twelve or thirteen hundred feet nearer. If the order was not negligent under the customs and common understanding in the business, then the defendant is not responsible, for that is the only negligence averred on which the plaintiff can recover.

But as that is not the only or even the prima facie deduction from the order, it must go to the jury on the evidence.

It is not perceptible how the alleged defect in the sill of the tender can be treated as negligence contributing to the accident.

The sill being the place where the coupling is attached for pulling the train, it is required to have strength to resist the tension of that operation, but there is nothing in its purpose or use to require that it shall be strong enough to resist the force of a collision. Such a requirement would be impracticable. The inference that if the sill here had been stronger the injury to the plaintiff would have been less or would not have happened at all, is a mere guess which the jury should not be permitted to make.

It is strongly urged by the appellee that the only proximate cause of the collision was the disregard of the rules of the company by the crew of the standing train, and it may be so, but it is not sufficiently established in the plaintiff's presentation of the case to justify the court in taking it away from the jury.

Judgment reversed and procedendo awarded.